## MARSHALL P. WILDER *vs.* WILLIAM W. COWLES.

In an action on a warranty of the genuineness of an indorsement on a note sold by the defendant to the plaintiff, in which the defendant contended that the plaintiff knew that he was acting as agent for a third party, the judge instructed the jury that the plaintiff was bound to show that he was ignorant that the defendant was dealing for a third party, and that if he failed to do this, or if the jury were unable to say on the whole how this was, the plaintiff was not entitled to recover. *Held*, that the instruction was misleading, because the plaintiff, though bound to prove a contract with the defendant, was not bound to disprove any of the facts from which a contract with the third party might be inferred.

An express warranty that a note is genuine, made by the agent of the seller, will bind the agent personally, if it appears that such was the intention.

CONTRACT on a warranty of the genuineness of an indorsement purporting to have been made by Jacob W. Pierce upon a promissory note signed by William H. Lane, dated February 10, 1867, for $2500, payable to Pierce's order in four months, and sold by the defendant to the plaintiff on February 27. Writ dated June 14, 1867.

At the trial in the superior court, before *Reed*, J., it appeared that the defendant sold the note to the plaintiff, and that Pierce had never indorsed the note, but that the indorsement of his name was a forgery. The defendant contended that he was a broker and agent of Lane in selling the note, and that the plaintiff knew at the time of the purchase that he was acting as such agent. The plaintiff denied this, and also contended that the defendant had expressly warranted the genuineness of the indorsement. The evidence on these points was conflicting. The plaintiff excepted to the admission of certain evidence; but as the court did not pass upon its admissibility, it is not reported.

The plaintiff requested the judge to rule that the burden of proof was on the defendant to satisfy the jury that at or before the time of the sale of the note to the plaintiff, the defendant disclosed to the plaintiff not only that the defendant was acting as agent, but also the name of the person for whom he was acting; and that if the defendant did not satisfy the jury on this point, " or the jury find that the indorsement is not genuine, then their verdict must be for the plaintiff."

But the judge declined so to rule, and instructed the jury, that if the defendant sold the note to the plaintiff, not disclosing the name of his principal, and if the plaintiff at the time of purchase did not know by such disclosure or from any other source that the defendant was acting as agent or broker for Lane, then whether he made any express representations or otherwise, he was liable; that if he made an express warranty he was liable by reason of such warranty ; and if he made no statement on the subject, then a warranty was implied by law and he was liable; that if however at the time the defendant was a note broker and did disclose the name of his principal, or if the plaintiff from some other source then knew that he was acting for Lane, the defendant was not liable, whether he made any statement on the subject of the genuineness or not; that the burden was on the plaintiff to show that he dealt with the defendant under such circumstances as to make him liable as warrantor of the signature on the note; that is, he was bound to show to the satisfaction of the jury that at the time of the transaction he was ignorant that the defendant was dealing for Lane ; and that if he failed to do this, or if the jury were unable to say on the whole how this was, the plaintiff was not entitled to recover.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*B. F. Brooks & J. D. Ball,* for the plaintiff.

*G. Putnam, Jr.,* for the defendant.

WELLS, J.   The plaintiff introduced evidence of the sale of a a note to him by the defendant, under such circumstances as would raise an implied warranty of title and genuineness of the indorsement.   This made a *primâ facie* case in his favor, upon which, in the absence of controlling evidence in defence, he was entitled to recover.   The defendant offered evidence tending to show that, in negotiating the sale of the note, he acted merely as agent of the maker, Lane ; and that that relation was disclosed to or known by the plaintiff at the time of the transaction.   The forgery of the indorsement appears to be conceded. The main point of difficulty in the case arises upon the question of the burden of proof.

The plaintiff requested the court to rule and instruct the jury that the burden was upon the defendant to satisfy the jury that he did so act as agent, and disclose his agency; and, if he failed to do this, " or the jury are left in doubt on this point, and they find that the indorsement is not genuine, then their verdict must be for the plaintiff." The court rightly declined to give this instruction. Although it was incumbent upon the defendant to establish the truth of any fact relied upon by him to overcome the *primâ facie* case which the plaintiff had made out, yet there was no change of the burden of proof in a legal sense. This defence was not a confession and avoidance. It was indeed an assertion of new and distinct facts ; but it tended to establish the negative of the very proposition upon which alone the plaintiff could recover; namely, that his contract was with the defendant in the suit. The evidence in proof of these facts would be consistent with, and might aid other evidence in direct disproof of the plaintiff's case. The defendant endeavored to prove that the contract was in reality made with his principal, Lane. But that which was of legal pertinence to the issue was not the affirmative effect of the evidence to show such a contract with Lane, but its negative effect to rebut the inference of a contract with the defendant himself, which might otherwise be drawn from the evidence of the plaintiff. The plaintiff must still maintain, upon all the evidence in the case, the proposition which lies at the foundation, namely, a contract of warranty by this defendant. The general statement by the court that the burden was upon the plaintiff " to prove that he dealt with the defendant under such circumstances as to render him liable as warrantor of the signatures on the note " was strictly in accordance with the rules of law on this subject. *Gay* v. *Bates*, 99 Mass. 263. *Central Bridge Co.* v. *Butler*, 2 Gray, 130. *Powers* v. *Russell*, 13 Pick. 69. *Sawyer* v. *Spofford*, 4 Cush. 598.

But we are apprehensive that, in applying this general principle to the particular case, the instructions given, if not positively erroneous, were at least calculated to mislead the jury in regard to the proper mode of determining the questions at issue. The judge proceeded to explain the extent of the burden which

rested upon the plaintiff, as follows : "He is bound to show to
your satisfaction that, at the time of the transaction, he was
ignorant that the defendant was dealing for Lane. If he fails
to do this, or if you are unable to say, on the whole, how this
is, the plaintiff is not entitled to recover." In a certain sense,
and to a certain degree, these statements of the burden upon
the plaintiff may be said to be correct. The plaintiff must
prove that his contract was made with the defendant and with
no one else. He must maintain this proposition against all the
evidence which tends to show that Lane was the real party in-
stead of the defendant; and if the jury are left in doubt upon
the whole evidence, the plaintiff must fail. But the particular
facts, from which it is claimed that a contract with Lane, as
the principal, may be inferred, must be proved by the defend-
ant. If the plaintiff's evidence shows a contract negotiated
with the defendant, apparently in his own behalf as principal,
and nothing to the contrary appears, that is sufficient. He is
not bound to go further, and exclude other possibilities. Evi-
dence tending to prove that the defendant was agent of Lane,
does not require the plaintiff to prove affirmatively and spe-
cifically that the agency was not disclosed. The absence of
all evidence of such disclosure, or tending to show knowledge,
without any affirmative proof upon the point, would warrant a
jury in finding that the negotiation with the defendant, appar-
ently as principal, was in fact so. The burden upon the plain-
tiff is coextensive only with the legal proposition upon which
his case rests. It applies to every fact which is essential, or
necessarily involved in that proposition. It does not apply to
facts relied upon in defence to establish an independent propo-
sition, however inconsistent it may be with that upon which the
plaintiff's case depends. It is for the defendant to furnish the
proof of such facts ; and when he has done so, the burden is
upon the plaintiff, not to disprove those particular facts, nor the
proposition which they tend to establish, but to maintain the
proposition upon which his own case rests, notwithstanding
such controlling testimony, and upon the whole evidence in the
case. The distinction may be narrow, but it is real, and may

often be decisive. To apply it to this case, the burden upon the plaintiff is to prove a contract with the defendant, not to disprove a contract with Lane, nor to disprove any of the facts from which a contract with Lane might be inferred. It appears to us that the instructions of the learned judge at the trial extended the rule of the burden of proof beyond its legitimate office, making it apply to facts not strictly embraced within the issue.

One of the grounds, upon which the plaintiff sought to recover, was that of an alleged express warranty of the indorsement. It is manifest that, if the defendant made an express warranty, he might be held, notwithstanding he disclosed his agency for Lane, if, from the form and manner of the warranty, it should appear that such was the intention. We do not intend to decide that he might not so conduct the sale of the note as to make himself liable upon an implied warranty, even with the knowledge on the part of the plaintiff that he was agent for Lane.

All the other instructions appear to be accurate and clear. As a new trial becomes necessary upon the ground already discussed, we do not deem it necessary to consider the several questions upon the evidence that were raised in the course of the trial. *Exceptions sustained.*