ROLAND WORTHINGTON *vs.* WILLIAM W. COWLES & another.

To relieve an agent from liability upon an implied warranty of the genuineness of a promissory note sold by him, which afterwards proves to be forged, the transaction must have been such that the purchaser understood, or ought as a reasonable man to have understood, that he was dealing with the principal.

CONTRACT to recover back money paid by the plaintiff to the defendants for a promissory note signed by one Hanson, the indorsement upon which was forged.

Trial in the Superior Court, before *Lord*, J., who, after a verdict for the plaintiff, allowed the defendants' bill of exceptions, from which it appeared, that the defendants were note brokers, and were known as such by the plaintiff; that they were acting as brokers for Hanson in selling the note, and that they paid him the purchase money, less a commission, before the forgery was discovered. The defendants testified that, during the negotiations which resulted in the plaintiff's purchase of the note, they informed him that they were selling the note as brokers for Hanson, who had employed them to sell it. There was also other testimony tending to show that the plaintiff knew or had reasonable cause to know these facts. The plaintiff denied any such information or knowledge, and offered evidence tending to show that there was no disclosure of the principal, and nothing to lead him to suppose that the defendants were not themselves the owners of the note.

The defendants asked the court to rule that if the defendants were in fact agents for Hanson, and disclosed their agency to the

plaintiff, or the plaintiff knew it, or had reasonable cause to know it, the defendants would not be liable. But the court refused so to rule; and ruled that the question was, from whom did the plaintiff understand that he was buying the note — from the brokers or from Hanson ; that, upon the uncontroverted facts, *primâ facie*, the transaction was with the defendants, and to relieve them from liability there must have occurred such a state of facts that the plaintiff understood, or ought to have understood as a man of reasonable intelligence, that he was dealing with Hanson.

*G. Putnam, Jr., & H. W. Putnam*, for the defendants.

*W. A. Field*, for the plaintiff.

MORTON, J. This is an action of contract upon the implied warranty of the genuineness of the signature to a note sold by the defendants to the plaintiff. The plaintiff claimed that in the purchase of the note he dealt solely with the defendants, and upon their credit. The defendants claimed that they were acting as agents of Hanson in the transaction, and that their principal was disclosed to the plaintiff. Upon these points, the evidence was conflicting. The defendants asked the court to rule " that if the defendants were in fact agents for Hanson, and disclosed their agency to the plaintiff, or the plaintiff knew it, or had reasonable cause to know it, the defendants would not be liable."

Considered as an abstract proposition of law, this is too broad. It omits the necessary element that, in the dealing or transaction in question, they were acting as such agents. It may be true that the defendants were agents of Hanson, and known to be such by the plaintiff, and yet if, in the purchase of this note, it was understood by the parties that the plaintiff was dealing with and upon the credit of the defendants, they would be liable. An agent may deal so as to bind himself personally ; it is always a question of the intention and understanding of the parties. The presiding judge properly refused to give the instructions in the form requested by the defendants. Instead thereof, he ruled in substance that the question was, from whom did the plaintiff understand that he was buying the note — from the brokers or from Hanson ? and that if such a state of facts occurred, that the plaintiff understood, or ought to have understood as a man of rea-

sonable intelligence, that he was dealing with Hanson, the defend·ants would not be liable.

These instructions were correct, as applied to the facts of the case. The plaintiff dealt with the defendants. His evidence tended to show that he contracted with them as principals. To meet this *primâ facie* case, the defendants undertook to show that in this transaction they were dealing as agents of a disclosed principal. Unless from their disclosures or other sources the plaintiff understood, or ought as a reasonable man to have understood, that he was dealing with Hanson, he had a right to assume that he was dealing with the defendants as principals. The instructions given were to this effect, and were as favorable to the defendants as the instructions requested, with the addition of the necessary qualification that the defendants were in this transaction dealing as the agents of Hanson. *Wilder* v. *Cowles*, 100 Mass. 487. *Merriam* v. *Wolcott*, 3 Allen, 258.

*Exceptions overruled.*