BAILEY v. GALBREATH BROS.

(*Jackson.* March 8, 1898.)

PRINCIPAL AND AGENT. *Agent assumes no personal liability, when.*

A stock broker who, in making sale of a note as agent for another, discloses the fact of his agency and the name of his principal, is not liable to the purchaser, in the absence of an express warranty of the genuineness of the note, for a loss resulting from the fact that the names of the indorsers were forged thereon.

Cases cited and approved: Ahrens v. Cobb, 9 Hum., 643; Davis v. McKinney, 6 Cold., 19; 98 Ala., 461; 44 N. Y., 349; 4 Barb., 278; 6 Gratt., 427 (S. C., 52 Am. Dec., 129); 4 Duer (N. Y.), 79; 1 Am. Leading Cases, 454.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. STERLING PIERSON, Ch.

CARROLL, CHALMERS & McKELLAR for Bailey.

W. B. EDRINGTON for Galbreath Bros.

McALISTER, J. The object of this bill is to hold the defendants liable for a certain forged note sold by them to complainant.

Defendants, Galbreath Bros., were stock and note brokers in the city of Memphis. On July 3, 1895,

complainant, Bailey, purchased of Galbreath Bros. one note for $2,750, drawn by A. K. Ward, as secretary and treasurer of the Memphis Barrel & Heading Company, apparently indorsed by J. L. Welford, Wm. A. Williamson, A. K. Ward, and W. F. Taylor. The names of all the indorsers, excepting that of Ward, were forged. The theory of the bill is that the defendants, in selling this paper to complainants, impliedly warranted the genuineness of the signatures of said indorsers. The Chancellor found, as a matter of fact, that, when complainant purchased the paper, he was advised by defendants that the latter were acting merely as the agents of the Memphis Barrel & Heading Company, and hence were not individually liable.

It appears from the proof that this purchase was negotiated for complainant, Bailey, by his brother-in-law and agent, R. H. Vance. Mr. Vance testified that on July 3, 1895, he met Maury Galbreath, a member of the firm of Galbreath Brothers, and inquired if he knew any party who wanted to borrow money. Galbreath replied: "Yes; I think I can get you a piece of paper of the Memphis Barrel & Heading Co." Vance remarked: "All right; I will take their paper with good indorsers." Some three or four hours later, during the day, Galbreath returned with this note, apparently indorsed by Williamson, Welford, and Taylor. Vance states he then took the paper to the German Bank and inquired of Mr. Cochran, the cashier, if it was good. Cochran

replied in the affirmative, and offered to purchase the paper for his bank. Vance, however, declined this offer, and notified Galbreath of his acceptance of the paper, and gave him a check for it less the discount.

We are satisfied from an examination of the record that Mr. Vance, at the time he purchased this paper from Galbreath Brothers, knew the latter firm was negotiating the loan for the Memphis Barrel & Heading Co., and there is no room in this case for the application of the principle invoked by complainant's counsel, that an agent or broker negotiating paper for another, without revealing his principal to the purchaser, becomes personally liable in the event the paper turns out to have been forged.

A bill and note broker who acts within the scope of his authority, and discloses not only his agency but the name of the principal for whom he is acting, incurs no personal liability. 1 Am. & Eng. Enc. L. (New Ed.), p. 51; *Lyons* v. *Miller*, 6 Grattan (Va.), 427 (S. C., 52 Am. Dec., 129).

In *Worthington* v. *Cowles*, 112 Mass., 30, it was held that "to relieve an agent from liability, upon an implied warranty of the genuineness of a promissory note sold by him, which turns out to be forged, the transaction must have been such that the purchaser understood, or ought as a reasonable man to have understood, that he was dealing with the principal." *Morrison* v. *Currie*, 4 Duer, N. Y., 79.

Bailey *v.* Galbreath Bros.

"When the relation of principal and agent exists in regard to a contract, and is known to the other party to exist, and the principal is disclosed at the time as such, the contract is that of the principal and the agent is not bound, unless credit has been given to him expressly and exclusively, and it was clearly his intention to assume a personal responsibility." 1 Am. Lead. Cases, 454; *Stanton* v. *Camp*, 4 Barb., N. Y., 278; *Meeker* v. *Clayhorn*, 44 N. Y., 349; *Humes* v. *Decatur Land Co.*, 98 Ala., 461; *Ahrens* v. *Cobb*, 9 Hum., 643; *Davis* v. *McKenney*, 6 Cold., 19; 1 Am. & Eng. Enc. Law (New Ed.), page 1119.

These principles, we think, are conclusive of this case, and result in an affirmance of the decree.