## C. H. ALEXANDER v. ANNIE B. McGAFFEY.

### Decided April 5, 1905.

**1.—Pleading—Defects in Elevator—Causal Connection.**

A petition alleging numerous defects negligently permitted in the machinery and operation of an elevator, by the fall of which plaintiff was injured, which alleged its fall to be occasioned by certain specified defects "and by the other negligences herein alleged" sufficiently asserted a causal connection between the accident and all the defects alleged to exist.

**2.—Pleading—Injuries to Person.**

Where injuries to the person for which recovery was sought are internal and invisible and incapable of specific description, general allegations as to their nature and extent may be good as against a special demurrer.

**3.—Pleading—Demurrer—Harmless Error.**

Where no evidence was introduced in support of an allegation as to special damages, error in overruling special exception to such allegation becomes harmless.

**4.—Remarks by Court.**

A statement by the court in answer to an objection of defendant to the examination of a member of the jury panel on voir dire in the presence of the panel in regard to his knowledge of facts in the case, that the jury had sense enough not to consider that as evidence, was not prejudicial to defendant.

**5.—Same—Bill of Exceptions.**

A bill of exceptions to a remark of the court that certain testimony was immaterial should show that it was made in the hearing of the jury in order to require a consideration of alleged error therein.

**6.—Evidence—Change in Machinery After Accident.**

A change in the rate at which an elevator was set to run was not a circumstance admissible in evidence as bearing on negligence in its operation, where such change was made some time after the accident and in connection with the substitution of electric for hydraulic power.

Appeal from the District Court of Dallas County. Tried below before Hon. Richard Morgan.

*Finley, Knight & Harris*, for appellant.—Grounds or acts of negligence, not alleged to have any casual connection with the injury complained of, are immaterial and irrelevant, and should be stricken under special exception directed against such allegations. 14 Ency. Pleading & Prac., p. 336; Texas, etc., Ry. Co. v. McCoy, 3 Texas Civ. App., 276; Miller v. Itasca Oil Co., 41 S. W. Rep., 366.

The pleading should have set forth with reasonable clearness and certainty the nature and extent of the injury alleged to have been suffered, and the allegations of the injuries alleged to have been sustained by appellee being general, vague and uncertain, the special exceptions challenging the sufficiency of such allegations should have been sustained by the court and those portions of the pleadings stricken. City of Marshall v. McAllister, 18 Texas Civ. App., 160.

Where it is attempted to be alleged that special damage has been suffered in consequence of personal injuries, such special damage must be specially pleaded, and the allegations must be certain and specific.

Oriental v. Barclay, 16 Texas Civ. App., 211; Pecos & N. T. Ry. Co. v. Bowman, 78 S. W. Rep., 722; Texas Cent. Ry. Co. v. Burnett, 80 Texas, 538; Sedberry v. Verplanck, 31 S. W. Rep., 242; Knittel v. Schmidt, 16 Texas Civ. App., 10; Texas & Pac. Ry. Co. v. Bigham, 36 S. W. Rep., 1112.

The remarks of the court were wholly gratuitous, discourteous, and calculated to prejudice the jurors against counsel for appellant, and thereby cripple their efforts in behalf of appellant in the defense of the suit, and therefore prejudicial and hurtful to appellant in the trial of the cause. 16 Am. & Eng. Ency. of Law (old ed.), 522; 21 Ency. Pl. and Prac., 974; McDuff v. Detroit Evening Journal, 47 N. W. Rep., 671; Williams v. West Bay City, 78 N. W. Rep., 328; Walker v. Coleman, 40 Pac. Rep., 641; Cone v. Citizens' Bank, 46 Pac. Rep., 415.

Competent evidence tending to prove a fact from which any fair inference or presumption may arise affecting a material issue in the case should be admitted to the jury as material testimony. Kellogg v. McCabe, 92 Texas, 201; Taylor v. Ferguson, 87 Texas, 5; Armandaiz v. Stillman, 67 Texas, 462; Wells v. Fairbank, 5 Texas, 582; Goldman v. Blum, 58 Texas, 641; Sledge v. Rayborn, 3 C. A. (Wilson), par. 304; Dovie v. Terrill, 63 Texas, 107; Galveston, H. & S. A. Ry. Co. v. Matula, 79 Texas, 580; Mutual Benefit Assn. v. Stapp, 77 Texas, 525; Burrell v. State, 18 Texas, 734.

The judge trying a case had no right to comment in the hearing of the jury upon the weight or effect of the evidence, and the remarks of the judge here complained of were directed at the effect and weight of testimony upon a material phase of the defense. Darrow v. Pierce, 51 N. W. Rep., 813; People v. Hare, 24 N. W. Rep., 843; Cross v. Tyrone Mfg. Co., 15 Atl. Rep., 643; State v. Philpot, 66 N. W. Rep., 732.

*Gilbert H. Irish* and *Marcus M. Parks,* for appellee.—The court properly overruled special exceptions numbers 2 and 3 contained in appellant's amended original answer, because those special exceptions were based upon the proposition alone that the negligence alleged against appellant was not alleged to have caused or contributed to cause the accident complained of.

Appellee having alleged in her petition that she was a passenger on defendant's elevator; that the elevator fell, and that she was thereby injured, the law presumed negligence on the part of the defendants to the extent of making a prima facie case for the plaintiff, and it was not necessary for the plaintiff to make any further allegations of negligence, and the fact that she did so could not be prejudicial to appellant. Mitchell v. Marker, 62 Fed. Rep., 139; Treadwell v. Whittier, 80 Cal., 574; Kentucky Hotel Co. v. Camp, 30 S. W. Rep., 1010; Goodsell v. Taylor, 41 Minn., 209, 42 N. W. Rep., 873; Lee v. Knapp & Co., 55 Mo. App., 390; McCormick Harv. Mach. Co. v. Burandt, 136 Ill., 170; Southern Build. & Loan Assn. v. Lawson, 37 S. W. Rep., 86.

An injury which is visible and open to common observation may be discovered and tested easily, and should be described reasonably. But the internal and invisible ailments which are only inferred from scientific deduction, and on which there is always room for some difference of opinion, can not be held to so close a rule. International & G. N.

Ry. Co. v. Gready, 11 Texas Ct. Rep., 252; Gulf, C. & S. F. Ry. Co. v. Mannewitz, 8 S. W. Rep., 66; International & G. N. Ry. Co. v. Pina, 8 Texas Ct. Rep., 972; Missouri Pac. Ry. Co. v. Mitchell, 72 Texas, 171; Missouri, K. & T. Ry. Co. v. Edling, 18 Texas Civ. App., 171; Texas & Pac. Ry. Co. v. Curry, 64 Texas, 85; Campbell, Receiver, v. Cook, 86 Texas, 630; Tyson v. Booth, 100 Mass., 258.

If all the injuries set out in the petition were not sufficiently alleged, still all the injuries alleged with reference to which there was any proof adduced were sufficiently alleged, and, if the court erred in overruling exceptions to segregated portions of the petition, the error was immaterial.

Proof of the fact that plaintiff was a passenger upon the elevator at the time of the accident, and that the elevator fell with her, made a prima facie case of negligence, and raised a presumption of negligence as a matter of fact against appellant as to the efficiency of the machinery and the competency of the servants connected with the operation of the elevator, whether the defects had been alleged by plaintiff or not, and a case will not be reversed for refusing charges asked when a finding by the jury predicated upon them in favor of the party asking them could not be sustained under any view of the law of the case which could be taken of it under the evidence, and the charges requested being instructions as opposed to that presumption, they were not only improper as being upon the weight of the evidence, but could have served no useful purpose. Fordyce v. Chancy, 21 S. W. Rep., 181; Texas & P. Ry. Co. v. Levine, 29 S. W. Rep., 466; Mexican Cent. Ry. Co. v. Lauricella, 28 S. W. Rep., 277; Mitchell v. Marker, 62 Fed. Rep., 139; Treadwell v. Whittier, 80 Cal., 574; Goodsell v. Taylor, 41 Minn., 209, 42 N. W. Rep., 873.

EIDSON, ASSOCIATE JUSTICE.—This was a suit brought by Annie B. McGaffey, through her next friend, Chas. N. McGaffey, against C. H. Alexander and C. H. Beauchamp, for damages on account of personal injuries alleged to have been sustained by Annie B. McGaffey while a passenger on an elevator owned and operated by appellant in an office building known as North Texas Building, situated on Main Street in the City of Dallas. Annie B. McGaffey, having become of age pending this suit, filed an amended petition by leave of the court on April 28, 1904, alleging that she had arrived at her majority, and dropped the name of her next friend from the petition. For cause of action she, in substance, alleged that she arrived at her majority on the 12th day of March, 1902; that defendants were common carriers of passengers by elevator in said building on the 13th day of December, 1901; that, on the date last aforesaid, the said elevator was neither safe nor reasonably safe, in this: that it was negligently and improperly constructed, without stops, brakes, resters, safeties or grabs to catch going up or down, and was generally constructed in an unsafe and unsubstantial way; that the defendants negligently and improperly permitted and allowed the said elevator and the pump, tanks and water power connected therewith to become out of repair, in this: that the elevator was run by power derived from a steam pump, tanks, cylinders, pistons and other mechanical devices whose condition controlled the

condition and safety, to some extent, of the elevator; that the bolts and screws of said elevator, steam pump and mechanical devices were not properly or regularly tightened; that they were permitted to run with their screws and bolts loosened or lax; that the throttle-valve of the engine was out of repair; that the automatic governor of the engine was out of repair and would not control or regulate the speed of said engine; that the stops, brakes, resters, safeties or grabs of said elevator were out of repair and would not work; that the operation of said stops, brakes, resters, safeties or grabs was obstructed, and that they were so fastened that they would not, and could not, operate and perform the functions for which they were intended, and would not and could not stop the elevator when it fell; was constructed so that the controller cable, by means of which the operator raised and lowered the elevator at will, wrongfully, negligently and improperly run through a groove or "V"-shaped slide, so that the said controller cable was not free to pass up and down as it should do, so that the turn-buckle thereon became wedged and caught, thereby interfering with the operation of the cable of the elevator, and stopping the cable in its movement up and down, and thereby rendering it impossible for an inexperienced operator to control said elevator; was so constructed that the turn-buckle was wrongfully, negligently and improperly attached to and made a part of the said controller cable at a point where the said controller cable should be smooth and even, where it runs through a groove or "V"-shaped slide wrongfully, negligently and improperly provided, so that the said turn-buckle on the said controller cable became wedged and caught, thereby stopping said cable from operating and rendering it impossible for an inexperienced operator to control said elevator.

That the defendants wrongfully, negligently and improperly employed inexperienced and incompetent servants to manage, control and operate said elevator; that the said defendants wrongfully, negligently and improperly employed an inexperienced and incompetent boy to run said elevator between the hours of 12 m. and 1 o'clock p. m., while the regular elevator man was at luncheon, and that said accident and said damage to the plaintiff occurred while the said elevator was being operated by said elevator boy; that the said operator of said elevator and engineer in control of said engine were incompetent, inexperienced and unskillful in the matter of running elevators and engines, and that they and each of them were incompetent to perform their respective duties, and were grossly negligent and careless in the performance of their said duties; that the motive power of said engine was, by the said negligence of the said engineer, permitted to give down and become insufficient to hold said elevator in the operation thereof; that the said engine and elevator were old, rickety and out of date for the purposes for which they were used; that, as the direct and proximate result of the negligence of said defendants and their servants in fastening and obstructing the brakes, stops, resters, safeties or grabs, as aforesaid, and of the negligent and improper construction of said elevator and engine, as aforesaid, and the negligence of the defendants and their servants in improperly and negligently locating the turn-buckle on the said controller cable at the point of the groove or "V"-shaped slide aforesaid, and the negligence of the defendants and their servants in failing

to put the said turn-buckle where it could operate freely up and down, and the negligence of the defendants and their servants in not loosening the said turn-buckle from the said groove or "V"-shaped obstruction when the elevator commenced to fall, and the negligence of the defendants in failing to keep said elevator and engine, or their respective parts, in repair, as aforesaid, and the negligence of the defendants in employing inexperienced and incompetent servants, as aforesaid, and the negligence of the defendants' servants in operating said elevator and engine, as aforesaid, and the negligence of the defendants in not providing safe or reasonably safe safety devices, and by reason of other negligences herein alleged, the said elevator, on to wit, the 13th day of December, 1901, fell with great force, violence and speed, from the fourth floor of said building to the first floor thereof, a distance of about one hundred feet, while the said Annie B. McGaffey was a passenger thereon, seriously and permanently injuring her, the said Annie B. McGaffey, in her womb, ovaries, causing prolapsus of the uterus, causing menstrual derangement, impairing the sexual organs, injuring and impairing her kidneys and urinary organs, causing her to suffer great physical and mental pain, and seriously and permanently injuring her in her back and spine, and in her hips, and in all other parts and organs of her body, both internally and externally, and seriously and permanently injuring her in her nervous system, causing the said Annie B. McGaffey to suffer great physical and mental pain, destroying her health, making her practically an invalid, destroying and impairing her capacity to earn money in her profession as a stenographer or otherwise, greatly impairing her nervous system, making it reasonably certain that she will continue to suffer great physical and mental pain, and be an invalid, and be incapacitated to earn money, or to labor, or to enjoy good health during all the balance of her natural life, by reason of all which she has been damaged in the sum of $25,000. That the plaintiff was gradually growing more perfect and competent as a stenographer and shorthand writer at the time of the accident, and would have continued to do so but for said accident, and she has had to abandon said profession as the result of said accident.

The plaintiff further shows to the court that she was a stenographer, shorthand reporter and typewriter, and followed her occupation as such at the date she was injured as aforesaid, and was, on said date, in the employ of Gilbert H. Irish, an attorney-at-law, as his office stenographer, and that said Irish has his law office upon the fifth floor of the said North Texas Building, and she performed her duties as such stenographer in the office of the said Irish on the fifth floor of said building, and at the time of said accident—the falling of said elevator—she got upon said elevator and became a passenger thereon at the fifth floor of said building for the purpose of going to the ladies' toilet room for the fourth and fifth floors of said building, which is located on the second floor, and which is provided by the said defendants for the ladies of both of said floors, she expecting to go there and wash her hands, preparatory to leaving her said place of business and go home for the day, and the said elevator fell, as aforesaid, while she was upon the same, and without any want of ordinary care upon her part.

Plaintiff further represents and shows to the court that the said

Annie B. McGaffey was, at the time she received the injuries aforesaid, earning in her business aforesaid the sum of, to wit, $50 per month, and she was all the time steadily improving and becoming more perfect in her said profession, and would, after a short time, but for the injuries aforesaid, have been capable of earning, and would have earned, a greater sum per month than the sum of, to wit, $50 per month; that by reason of the injuries aforesaid, and the condition aforesaid resulting therefrom, she has become unable to follow her said occupation or to earn the sum of, to wit, $50 per month, or any part thereof, and her capacity to follow her said profession has been destroyed by the negligence of the defendant for all time.

Appellant answered by general and special exceptions and general denial. The case was tried before a jury, and resulted in a verdict and judgment in favor of appellee in the sum of $1,200.

Appellant's first and second assignments of error are as follows:

"First. The court erred in overruling defendant's special exception to the petition of plaintiff number 2, as contained in defendant's amended original answer, as follows.: 'Defendants specially except to said petition wherein it is alleged that the bolts and screws of said elevator, steam pump and mechanical devices were not properly or regularly tightened; that they were permitted to run with their bolts and screws loosened or lax, for the reason that it is not alleged that such condition, if it existed, caused or contributed to cause the accident complained of herein; wherefore, defendant says that such plea is insufficient in law, and of this prays the judgment of the court.'

"Second. The court erred in overruling defendant's special exception to the petition of plaintiff number 3, as contained in defendant's amended original answer, as follows: 'Defendants specially except to all that part of said petition wherein it alleges that said engine and elevator were old and rickety, and out of date, for the reason that it is not alleged that such condition, if it existed, caused or contributed to cause the accident complained of herein; wherefore, defendant says such plea is insufficient in law, and of this prays the judgment of the court.' "

We do not agree with the contention of appellant. The petition of appellee, after alleging specifically wherein and in what manner the elevator and its appurtenances were defectively constructed and out of repair, alleged that as the proximate result of such defects, specifically naming a great many of them, and among them the negligence of the defendants in failing to keep said elevator and its appurtenances, or their respective parts, in repair, as aforesaid, added the phrase, "And by reason of the other negligences herein alleged the said elevator, on to wit, the 13th day of December, 1901, fell with great force, violence and speed from the fourth floor of said building to the first floor thereof, a distance of about one hundred feet, while the said Annie B. McGaffey was a passenger thereon, seriously and permanently injuring her, the said Annie B. McGaffey," etc. These allegations are amply sufficient to allege the causal connection between the acts of negligence specified in appellant's exceptions and the injuries complained of.

Appellant's third, fourth, fifth and sixth assignments of error are addressed to the action of the court below in overruling his special ex-

ceptions numbers 4, 5, 6 and 7, to appellee's petition. These exceptions assail the sufficiency of plaintiff's petition upon the ground that it does not set forth with reasonable clearness and certainty the nature and extent of the injuries alleged to have been sustained by appellee. These assignments of error should be sustained, were it not that the uncontroverted testimony shows that the only injuries sustained by appellee, and upon which she sought a recovery, were internal and invisible, and, therefore, it was impracticable to have given a more specific description of their nature or extent; and, while it might have been more accurate pleading to have so alleged in her petition, the action of the court in overruling said exceptions, in view of the evidence, was harmless.

Appellant's seventh assignment of error complains of the action of the court in overruling his special exception to that part of plaintiff's petition which alleged that plaintiff was earning $50 per month, and that she was at the time steadily improving and becoming more perfect in her profession, and that she would, in a short time, but for the injuries aforesaid, have been capable of earning, and would have earned, a greater sum per month than $50, for the reason, as alleged in said exception, that said pleading does not state how long it would have been before she would have been earning a greater sum than $50 per month, and because it does not state how much greater sum than $50 per month she would have earned in the future, but for such accident; nor does it allege when she would have been capable of earning such greater sum. The action of the court complained of in this assignment, if error, was harmless, in view of no evidence being offered on the trial of any sum that appellant would be capable of earning by reason of the fact that she was steadily growing more perfect in her profession.

Appellant's eighth assignment of error is as follows: "The court erred in his remarks made before the regular panel of jurors for the week, from which the jury in the case was necessarily to be selected, and from which it was selected, with reference to the examination of the juror J. N. Oram by plaintiff's counsel, and objection made thereto by defendant's counsel, as shown by bill of exceptions number 1."

Appellant's proposition under this assignment is as follows: "The remarks of the court were wholly gratuitous, discourteous, and calculated to prejudice the jurors against counsel for appellant, and thereby cripple their efforts in behalf of appellant in the defense of the suit, and therefore prejudicial and hurtful to appellant in the trial of the cause." It appears from appellant's said bill of exceptions that, while counsel for plaintiff was examining the juror Oram, who was one of the regular panel, in the presence of the other jurors of the panel for the week, from which the jury to try the case was required to be selected, plaintiff's attorney propounded certain questions to said juror with reference to the examination by him of the elevator involved in this suit, and elicited from him answers as to conditions which he found to exist; to which questions and answers in the presence of the other jurors of the panel for the week counsel for the defendant objected, upon the ground that the witness was making statements with reference to material matters in the case in the presence of the panel of jurors from which the jury would be selected, and that this was improper and prejudicial to defendant. Upon counsel stating the objec-

tion, the judge of the court remarked, in the presence and hearing of the entire panel for the week, from which the jury to try the case was to be selected, and was, in fact, selected, that he thought the jurymen had sense enough to know that the statements made by said Oram, in answer to questions propounded to him by said counsel touching his qualifications was not evidence, and if counsel for defendant thought they did not have sense enough to know, that the court would give them instructions, to which remarks and comments of the judge counsel for defendant excepted.

There was no error upon the part of the court below in the matter complained of by this assignment. The examination of the juror was proper, and there was no necessity for the other members of the panel to be retired. The trial of a case would be unreasonably retarded if all of the panel of a jury except the juror being examined on his voir dire should be required to retire every time the juror being examined was interrogated in reference to facts material to the case. We think the intelligence of the average juror is of a sufficiently high order to justify the court in assuming that no prejudice would result to the parties to the suit by the other jurors of the panel hearing the examination of such juror on his voir dire; and we do not think the remarks of the court were intended to or had the effect to prejudice appellant in the trial of the case, or in any way injuriously affect the efforts of his counsel in his behalf during the progress of the trial. Appellant's ninth and tenth assignments of error, which are presented together, are as follaws:

"9. The court erred in sustaining the objection urged by plaintiff's counsel to the question propounded to the witness, J. W. Glasgow, in reference to the speed for which the elevator in question was set to run, as shown by bill of exceptions number 2.

"10. The court erred in the remarks and comment made by the court with reference to the question propounded by plaintiff's counsel to the witness, J. W. Glasgow, with relation to the speed for which the elevator in question was set to run, the effect of said remarks and comments being that the matter of speed for which the elevator was set to run was wholly immaterial in the case, as shown by bill of exceptions number 2."

It does not appear from appellant's said bill of exceptions to what time the question asked this witness related. It appears from the bill of exceptions that there was a change in the operation of the elevator after the accident—that electric power was substituted for hydraulic. The elevator was operated by hydraulic power at the date of the accident, and continued to be so operated for some time thereafter, when electric power was substituted for hydraulic; and this witness operated the elevator after such substitution, as well as before. It does not appear from the bill of exceptions that the question sought to elicit from the witness the rate of speed the elevator was set to run while it was being operated by hydraulic power. In view of the evidence in the record relating to the manner of operating the elevator at the time of the accident, we do not think it would have been admissible to show the rate of speed it was set to run when being operated by electric power. For this reason there was no error in the action of the court in excluding

this testimony. And further, we are of the opinion that, if it was error to exclude this testimony, such error was harmless, in view of the testimony of appellant that the elevator, at the time of the accident, was set to run at a speed of one hundred and fifty feet per minute, in connection with his testimony, and that of the witness Glasgow, to the effect that there was no change with respect to the elevator or its operation after the accident until the substitution of electric for hydraulic power.

With respect to the matters complained of in the tenth assignment of error, it does not appear from the bill of exceptions that the remarks of the court objected to were made in the presence or hearing of the jury, so that they could have been in any manner affected thereby.

The other assignments of error presented in appellant's brief relate to the refusal to give special charges asked by him, and to alleged error in the general charge of the court. In view of the pleadings and evidence in this case, we are of the opinion that none of these assignments is well taken, and therefore overrule them.

The testimony in the record supports the allegations of negligence against appellant, as contained in appellee's petition, and also supports the allegations as to the injuries sustained by the appellee; and the amount of the verdict of the jury is sustained by the evidence.

Finding no reversible error in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.