## Herbert W. Morehouse, Appellee, v. Edwin Winter, Appellant.

1. BROKERS AND FACTORS—*when party occupies relation of broker to transaction.* A party acting as the agent of both borrower and lender and whose only interest in the transaction is that of a commission, is, in law, a broker.

2. BROKERS AND FACTORS—*when broker not personally liable.* Where an agent or broker acting for other parties discloses the principal and gives to the parties for whom he is acting full knowledge of the circumstances and conditions surrounding the transaction, no liability exists against the broker.

Appeal from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1910. Reversed. Opinion filed December 7, 1910.

REARICK & MEEKS and EDWIN WINTER, for appellant.

J. B. MANN, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Appellant was a broker in the business of securing and placing loans upon real estate, and had been engaged in this business for a number of years at Danville, Illinois.

On January 5, 1909, a party representing himself to be one George Miller came to the office of appellant and stated he was about to purchase a farm near Armstrong, Illinois, then owned by one Courtney; that he was to pay $135 an acre for the farm, which consisted of eighty-three and a fraction acres, further representing to Winter that he would pay cash for the farm but was buying it for a son and wanted to repair and otherwise improve the place, and for this purpose would need $3,000 and desired to obtain it through Mr. Winter. Appellee Morehouse, a physician and surgeon at Danville, whose office was upon the same floor in the Temple Building with Winter's, had for a number of years been loaning money to various parties through appellant, and under an arrangement between Morehouse and Winter it was agreed by them that in all loans so made by Winter for Morehouse the papers should be executed in the name of Winter and assigned to Morehouse without recourse; the reason assigned for this was that Morehouse did not desire the public to know that he had money to loan.

·After the conversation with Miller, Winter proceeded to the office of Morehouse and informed him that one Miller was about to purchase the Courtney farm and desired a loan of $3,000. Morehouse was familiar with the location of this land and after some few inquiries of Winter informed Winter that he would furnish the money and would even furnish an amount

up to $5,000 on this farm, if it was desired.    Winter, thereupon, reported to Miller that he could furnish the money for him.    Miller then left Winter's office for the stated purpose of going to Armstrong and securing an abstract for the farm from Courtney.    On the following Friday Miller returned to Winter's office with Courtney, the owner of the land.    Courtney then informed Winter that he had sold the farm to Miller for $135 per acre and requested Winter to prepare the papers necessary for the transfer, saying that there was a notary public at Armstrong and it would be unnecessary to bring his wife down to execute the papers. The deed transferring the farm from Courtney and wife to Miller was then prepared by Winter; the exact amount of the consideration was left blank on account of a controversy between Miller and Courtney as to the exact number of acres.    Appellant was then requested to have the abstract brought down to date; Miller left the office ostensibly with the intention of going to Lafayette, Indiana, to secure the money to pay for this farm, saying he would meet Courtney at Armstrong, pay for the land, get the deed, and return to Winter's office on the following Monday.

In the meantime appellant went to Morehouse, informed him fully of the contemplated transaction, that Courtney, the owner of the land, had been in with Miller and of the conversations had between them.

On Tuesday, January 12th, Miller returned to the office of Winter with the deed which Winter had prepared; the deed bore the name of Courtney and his wife and bore a certificate of acknowledgment before a notary public at Armstrong, with the notary's seal attached.    While Miller was in Winter's office Morehouse entered the office; he was then informed by Winter that the gentleman then there was Miller who was negotiating this loan, and Morehouse remarked, ''He looks like a substantial farmer.''

At the time of the preparation of the mortgage Winter informed Miller what Morehouse had said about

loaning more money on this land.    Miller remarked
that he did not want to go heavily in debt but he would
be willing to take $500 more, and the mortgage was
accordingly made for $3,500, the note and mortgage
were executed by Miller, placed on record and the note
properly endorsed by Winter to Morehouse without
recourse in accordance with their previous understand-
ing.

Before the note and mortgage were delivered to
Morehouse it was learned that Miller had not pur-
chased the Courtney farm and that Winter and More-
house were the victims of a confidence game.    After
ascertaining this fact, Winter then tendered the pa-
pers to Morehouse; he refused to accept them and de-
manded the return of his money, and to recover from
Winter this action is brought.

The judgment below resulted in a verdict against
appellant for $3,500 with interest from the time of the
commencement of the action, and it is to reverse that
judgment this appeal is prosecuted.

The substance of the facts as above set forth is ad-
mitted by all parties to this transaction and the only
difference being as to the exact language used in the
various conversations which took place between More-
house and Winter.

There is no contention, however, that Winter did not
disclose to Morehouse the fact that it was represented
to him by Courtney and Miller that Miller had pur-
chased the Courtney farm and that Miller was the prin-
cipal who was borrowing the money from Morehouse,
for which a mortgage was to be executed by Miller
upon the premises so bought from Courtney, and the
facts being virtually admitted, the only question re-
maining is one of law as to the liability of Winter to
Morehouse by reason of this transaction.    The fact
being fully established that Winter was acting as the
agent of both Miller and Morehouse and the only in-
terest he had in the matter was the compensation of a
broker's commission of two per cent, which was paid

to him by Miller, he was, therefore, what is known in law as a broker. Saladin v. Mitchell, 45 Ill. 79.

The rule of law is too well established to admit of serious controversy, that where an agent or broker, acting for other parties, discloses the principal and gives to the parties for whom he is acting full knowledge of the circumstances and conditions surrounding the transaction, no liability exists against the broker, and the rule applicable thereto is fully set forth in Walker v. Cross, 160 Fed. Rep. 372; Drennan v. Bunn, 124 Ill. 175, and Bailey v. Galbreath, 100 Tenn. 599.

This doctrine has been adopted and followed by the decisions in numerous other states and must now be held to be the rule of law applicable to actions similar to the case at bar.

Winter, having fully disclosed to Morehouse that Miller was the principal who was making this loan and informed Morehouse with whom he was dealing, of all of the information possessed by Winter regarding this transaction, and having taken the mortgage to himself as trustee and made himself the payee in the note under the established custom and usage as previously requested by Morehouse, Winter acted in good faith throughout this entire transaction with Morehouse and was guilty of no act that could render him liable to repay this money to Morehouse. From the conclusion reached herein, it is unnecessary to pass upon any other questions raised upon this record.

The court below should have directed a verdict for appellant. The clerk will enter in the judgment of this court the finding of fact that appellant was a broker acting as the agent of both Miller and Morehouse, disclosed his principal to Morehouse and gave Morehouse all of the knowledge and information he, Winter, possessed as such broker.

The judgment of the trial court is reversed with finding of fact.

*Reversed.*