### DUBLIN FRUIT CO. et al. v. NEELY.
### (No. 8278.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 27, 1915. Rehearing Denied Jan. 15, 1916.)

1. PLEADING ⬥228—EXCEPTION—EFFECT AS ADMISSION.

An exception, special or general, to the petition admits its allegations as true.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. ⬥228.]

2. FRAUDS, STATUTE OF ⬥16—PROMISE TO ANSWER FOR DEBT OR DEFAULT OF ANOTHER —CHARACTER OF TRANSACTION.

Where a seller of apples acted as one of the principals in the transaction, his promise, made before acceptance to the buyer, to save the latter harmless from any defects in the fruit was not within the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 22–26; Dec. Dig. ⬥16.]

3. APPEAL AND ERROR ⬥854—DISPOSITION— AFFIRMANCE—WRONG REASON.

The Court of Civil Appeals will affirm a correct judgment below on special exception to the petition, though the trial court assigned the wrong reason therefor.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3403, 3404, 3408–3424, 3427–3430; Dec. Dig. ⬥854.]

4. PRINCIPAL AND AGENT ⬥136—PERSONAL LIABILITY OF AGENT.

An agent, acting for a disclosed principal, may bind himself personally, either by adding his responsibility to that of the principal or by tendering his responsibility instead of that of the principal, either expressly by words or by implication from words or conduct.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 447–450, 476–491; Dec. Dig. ⬥136.]

5. PRINCIPAL AND AGENT ⬥193—PERSONAL LIABILITY OF AGENT—QUESTION FOR JURY.

Where the promise of an agent by which he is sought to be held personally responsible on a contract made in his principal's behalf is in writing, its construction and effect are ordinarily questions of law for the court, or, where the promise, though not in writing, is of such a character that only one inference can legally be drawn from the fact, the question is likewise for the court, but where the testimony conflicts as to the nature and extent of the words used or conduct involved, the question is of fact for the jury under all the circumstances, the purpose of the inquiry being to ascertain the intent of the parties, which is conclusive if not conflicting with the law.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 721½–726; Dec. Dig. ⬥193.]

6. PRINCIPAL AND AGENT ⬥136—PERSONAL LIABILITY OF AGENT.

Where one who sold apples as an agent, upon protest as to their quality by the buyer before acceptance, stated that he would be personally responsible for any loss, or his language was reasonably susceptible of such construction, although the agent did not intend to pledge his personal responsibility, but the buyer so understood and acted thereon, the agent was personally liable for any damage, since the fact that an agent did not intend to pledge his own responsibility will not relieve him if the circumstances warranted the construction by the other party that he did so intend.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 447–450, 476–491; Dec. Dig. ⬥136.]

Appeal from Erath County Court; A. P. Young, Judge.

Suit by the Dublin Fruit Company and others against R. P. Neely. From a judgment for defendant, plaintiffs appeal. Reversed and remanded for new trial.

Hickman & Bateman, of Stephenville, for appellants. Marshall Ferguson and Pat L. Pittman, both of Stephenville, for appellee.

BUCK, J. Suit was filed in the justice court by the appellants, a firm composed of M. Hoffman and W. H. Novitt, against the Texas Central Railroad Company, the Roswell Fruit Growers' Exchange, and R. P. Neely, for $188.62, said suit arising out of a shipment of a car of apples from Roswell, N. M., by the Fruit Growers' Exchange through the agency of Neely, who was a broker living at Ft. Worth, and over the defendant railroad company's line. It was sought to hold the Fruit Growers' Exchange liable because of the shipment of apples alleged to be defective and differing in kind, grade, and quality from those ordered; to hold the railroad company liable for delays in transportation, whereby the apples, as alleged, were caused to become rotten and unmarketable, and to hold Neely liable on his special promise and agreement with plaintiffs that, if plaintiffs would accept said apples

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and pay the accompanying draft, he, Neely, would save them harmless, etc. From a judgment in the justice court for the amount sued for in favor of plaintiffs and against the railroad company and said Neely, the Fruit Growers' Exchange having been dismissed from the suit, an appeal was taken to the county court. There, by agreement, a judgment was entered in favor of the plaintiffs and against the railroad company for $75, in full of claim against said defendant, it being specially provided in said judgment that the rendition thereof would not, in any way, affect plaintiffs' cause of action against Neely. Later, plaintiffs amended their petition, alleging that they had bought the car of apples from Neely, and that he had warranted and represented them to be good and merchantable fruit; and that said apples were not as represented, but were inferior and defective in several respects enumerated; and that the difference between the value of the apples as received, and as they should have been under the contract, was $113.62. They further alleged that before receiving and accepting said apples plaintiffs notified Neely of their condition, and refused to accept the same, but were notified and promised by said Neely that if they would accept the same, he, Neely, would save them from any loss; that plaintiffs relied upon said promises, etc., and accepted the apples. It was further alleged that Neely, in making such promise and agreement, was not agreeing to answer for the default, miscarriage, or debt of another, but had a personal financial interest in said transaction; he receiving a portion of the proceeds of such sale. Upon a trial between plaintiffs and Neely, judgment was rendered upon an instructed verdict in Neely's favor, from which judgment the plaintiffs have appealed to this court. The judgment recites that:

"After hearing the evidence, the court is of the opinion that the special demurrer filed herein should be sustained."

Defendant Neely's answer did not contain any special exception or special demurrer eo nomine, but did plead that plaintiffs' cause of action was, as pleaded, an attempt to hold Neely liable upon an oral promise to answer for the debt of another, and therefore in contravention of the statute of frauds.

[1-3] We believe, in sustaining the special exception, if any there were, the court misinterpreted the cause of action stated. If the allegations of the petition are admitted as true, as they must be against an exception, special or general, there is nothing in the pleading to suggest that Neely in said transaction was acting as an agent. According to the recitations in the petition, Neely was the principal, or at least one of the principals, upon whose alleged default the cause of action was predicated. It might be claimed that, even though it should be admitted that the court erred in sustaining the exception urged, yet from the evidence introduced no other judgment than the one rendered could have been entered, and that therefore it is our duty to affirm the judgment though the wrong reason was given by the court as a basis therefor. Alexander v. McGaffey, 39 Tex. Civ. App. 8, 88 S. W. 462, affirmed in 101 Tex. 627; Staples v. Word, 48 S. W. 757. The court, it is shown, reserved his ruling on the exception to the pleading until after both parties had rested. But can we say that in this case the evidence would support no other judgment than the one rendered? We think not.

[4, 5] The testimony of Hoffman, one of the plaintiffs, was to the effect that during the year 1913, he received a letter from Neely, stating that he could ship a car of apples from Roswell at $1.50 delivered; that thereupon he wired said Neely:

"All right, if can ship car good apples at $1.50 bill car to Dublin, stop at Mingus and Weatherford. As we only handle good stuff, this is first car we handle this year, and want good stuff."

That thereupon Neely wired him that he would ship the apples; that when the shipment reached Mingus and were examined by plaintiffs' agent there, it was discovered that the apples were not of the kind and character ordered, were rotten, wormy, etc., and that thereupon he wired Neely that the apples were sorry, and that they could not handle them. That Neely answered by telephone:

"Hoffman, go ahead and take those apples, they are good."

That he told Neely he would call up his man at Mingus and communicate with him (Neely) later. That in about 20 minutes Neely called again and said:

"Hoffman, go ahead and take those apples and pick out the rotten ones and I will see you out. Go ahead and pay the draft and I will make it good."

That thereupon he did pay the draft drawn by the Roswell Fruit Growers' Exchange and accepted the apples. It is true that Neely testified that he told Hoffman that he had seen the apples at Ft. Worth, and that in his opinion they were good bulk apples, and that the Roswell Fruit Growers' Exchange would take care of him on any loss he had, thereby denying that he had made any personal contract of indemnity to plaintiffs against possible loss. But this issue was a question of fact to be passed on by the jury. That an agent, acting for a disclosed principal, even may bind himself personally under certain circumstances is well established by the authorities. It is entirely competent for the agent, although his agency is known and he is fully authorized to bind his principal, to pledge his own personal responsibility. He may do this in two ways, namely, he may add his responsibility to that of the principal, or he may tender his own responsibility instead of that of his principal. 1 Mechem on Agency (1914) § 1419, p. 1048; Dahlstrom v. Gemunder, 198

N. Y. 449, 92 N. E. 106, 19 Ann. Cas. 771; Shordan v. Kyler, 87 Ind. 38. Such pledge or promise may be either made expressly by words or by implication from words or conduct. Where the promise of the agent by which he is sought to be held is made in writing, its construction and effect are ordinarily questions of law to be determined by the court, or where the promise, though in writing, is of such character as only one inference can legally be drawn from the facts it is also a question for the court. But in many cases, especially where there is a conflict of testimony as to the nature and extent of the words used or the conduct involved, it is a question of fact to be determined from all the circumstances of the case. In either event the purpose of the law is to ascertain the intent of the parties, and when so ascertained, such intent is conclusive if it can be made so without conflict with established rules of law. Whitney v. Wyman, 101 U. S. 392, 25 L. Ed. 1050; Worthington v. Cowles, 112 Mass. 30; Phinizy v. Bush, 129 Ga. 479, 59 S. E. 259; Mechem, § 1422.

[6] Therefore we cannot say that the action of the court in sustaining the alleged special exception was not prejudicial error, and that if the question of fact had been submitted to the jury as to whether it was the intention of Neely and Hoffman that if the plaintiffs would pay the draft and accept the apples, Neely would be personally responsible for any loss sustained, or if the language used by Hoffman was reasonably susceptible of such construction, even though in fact he did not intend to pledge his personal responsibility, but Hoffman understood that he did intend to pledge his personal responsibility and acted thereon, that the jury would not have so found. The fact that an agent did not intend to pledge his own responsibility will not itself relieve him if the circumstances warrant the construction that he did so intend. Mechem, § 1423; McConnell v. Holderman, 24 Okl. 129, 103 Pac. 593. For the reasons mentioned, it is the judgment and order of this court that the judgment of the trial court be reversed, and the cause remanded for a new trial in accordance with this opinion.