## No. 9468.

### VER STRATEN *v.* LEFTWICH, ET AL.

1. EVIDENCE—*Burden of Proof.* In an action upon contract the plaintiff has the burden of proving that the contract was as he alleges; he is not required to negative the defendant's allegation of an additional condition.
2. INSTRUCTIONS—*Harmless Error.* An instruction not prejudicial to the plaintiff in error is harmless.

Messrs. STOW, STOVER & SEAMAN, for plaintiff in error.

Mr. L. R. RHOADES, for defendants in error.

Opinion by Mr. Justice Allen.

This is an action which was begun by defendants in error, a firm of attorneys, against the plaintiff in error to recover a sum alleged to be due under a contract for legal services. According to the complaint, the contract was entered into by the parties above mentioned, and by the contract the defendant below agreed to pay to the plaintiffs one-half of all or any sum of money recovered from one W. H. Randall.

The defendant filed an answer which was in the form of a general denial, followed by allegations amounting to an argumentative denial, to the effect that instead of having made such a contract as that described in the complaint, the parties agreed that plaintiffs should have one-half of the amount actually recovered from the said Randall, only in case the consent of the brother of the defendant were obtained to the making of the contract, and that suit should first be brought.

A trial was had to a jury, the issues were found for the plaintiffs, and thereafter judgment was rendered upon the verdict. The defendant brings the cause here for review, and in asking for a reversal of the judgment relies solely upon error alleged to have been committed by the trial court in the giving of certain instructions.

The plaintiff in error complains of a part of the instructions relating to the burden of proof resting upon the plaintiffs below. The instructions upon this subject were numbered 2 and 7 and read as follows:

"No. 2. The burden of proof is upon the plaintiffs to establish that the contract was as claimed by them, including that they were to have one-half the recovery by settlement or compromise out of court or before suit; and if you so find and believe from the preponderance of the evidence your verdict should be for the plaintiffs in the sum of $1,000.00.

"No. 7.   Plaintiffs have no burden of proof to show that the consent of the brother of defendant was not required, nor to show that their contingent compensation of one-half of the recovery was not conditioned that suit should first be brought.   Those conditions, alleged in answer of the defendant, while they constitute affirmative matters do not amount to affirmative defenses, but in effect are denials that the contract was made and denials that the bargaining therefor was in the terms alleged by plaintiffs."

It is assumed and conceded by both sides that instruction No. 2 is correct and that the defendant's answer amounted merely to denials, as the court said in the latter part of instruction No. 7.   The defendant's objection is directed only to the first sentence of instruction No. 7 which relieves the plaintiffs of the burden of proof to show that the contract was "not as alleged by plaintiff in error," the defendant below.

The theory and the contention of the plaintiff in error is that the burden of proof was upon the plaintiffs below not only "to prove that the contract was as alleged by them," but also to prove that the contract was "not as alleged by defendant."   This theory is erroneous, and the contention cannot be sustained, in so far as it relates to the alleged burden of proof that the contract was not as alleged by defendant.   2 Enc. of Evidence, 778.   In this connection we adopt the following language used in *Wilder v. Cowles,* 100 Mass. 487:

"The burden upon the plaintiff is co-extensive only with the legal proposition upon which his case rests.   It applies to every fact which is essential or necessarily involved in that proposition.   It does not apply to facts relied upon in defense to establish an independent proposition; however inconsistent it may be with that upon which the plaintiff's case depends.   It is for the defendant to furnish proof of such facts; and when he has done so the burden is upon the plaintiff not to disprove those particular facts, nor the proposition which they tend to establish, but to maintain the proposition upon which his own case rests."

Applying the rule above quoted to the instant case, the burden upon the plaintiffs was to prove the contract described and relied on in their complaint, and they were not bound to go further and disprove facts brought out by the defendant either in his pleading or in the evidence. Instruction No. 7 does not relieve the plaintiffs of the burden of making out their case, but correctly states the law to the effect that the plaintiffs have no burden of proof to disprove any particular facts attempted to be shown by the defendant which are inconsistent with any fact or facts essential to the plaintiffs' cause of action.

For the reasons above indicated, there was no error in the giving of instruction No. 7.

The other instructions complained of are numbered 6 and 9 respectively. It is contended that they relate to matters which are not within the issues made either by the pleadings or the evidence. Instruction 6 merely goes to the extent of stating that a condition upon which the making of a contract depends may be waived. Instruction 9 relates to circumstances under which the brother of the defendant might be deemed to have ratified the "bargain or contract made between the plaintiffs and defendant." It is not shown by the argument how these instructions could result in prejudice to the defendant below. The evidence in the record, and all the instructions given in the case when read together, show that no prejudice resulted to the defendant from the giving of the instructions complained of.

We find no reversible error in the record. The application for a supersedeas is denied and the judgment affirmed.

*Affirmed.*

Chief Justice Hill and Mr. Justice Bailey concur.