Frank M. AUSTIN, Appellee,

v.

DUNNAM & STRONG, A Professional Corporation, Appellee.

No. C14–88–015–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 10, 1988.

Charles C. Gregory, III, Houston, for appellant.

Charles W. Brown, Houston, for appellee.

Before JUNNELL, SEARS and CANNON, JJ.

OPINION

JUNELL, Justice.

This is a dispute over attorney's fees. Dunnam & Strong filed suit against Frank Austin to collect fees for legal services performed for Allied Production Company, a corporation of which Austin is president. The jury found that Austin had personally contracted for the legal services rendered by Dunnam & Strong. The trial judge rendered judgment in the amount of $5,102.25 for the legal services rendered to Allied Production plus $379.94 in prejudgment interest and $4,000 in attorney's fees. In two points of error Austin claims that the evidence is legally and factually insufficient to support the jury's finding that he

contracted individually for the legal services in question. We reverse and render judgment.

Dunnam & Strong initiated the action in the trial court to recover from Austin unpaid legal fees incurred on behalf of Allied Production Corporation. No written agreement was entered into with respect to the firm's representation of Austin or Allied Production Corporation. William Henderson, a member of Dunnam & Strong, had also represented Austin on a personal matter involving a warranty deed. At trial it was undisputed that Austin paid the fee for the work performed in connection with the warranty deed with a personal check. Dunnam & Strong contended that, because the invoices for the services rendered to Allied Production were. addressed to Austin, he was the legally responsible party. In answer to a single special issue, the jury found that Austin had contracted for the legal services rendered by Dunnam & Strong. In his first point of error Austin challenges the legal sufficiency of the evidence to support that finding.

■ An officer of a corporation may assume personal responsibility for a corporate transaction either by adding his responsibility to that of his corporate principal, or by tendering his own responsibility for that of his principal. *Dublin Fruit Co. v. Neely*, 182 S.W. 406, 407 (Tex.Civ.App.—Fort Worth 1915, no writ). In this case, there was no allegation that Austin added his responsibility to a corporate responsibility already existing in Allied Production. Therefore, the issue becomes whether there is any evidence to support the jury's finding that Austin tendered his own responsibility for that of the corporation.

■ Austin asserts there is no evidence of a contract or agreement between him and Dunnam & Strong for the legal services in question. Such a challenge is, in essence, a claim that there is an absence of proof of a vital fact and that the trial court erred in not rendering judgment for Austin. The test is whether the vital fact can be reasonably inferred from the facts proved. *St. Joe Paper Co. v. McNair*

*Trucklease, Inc.*, 593 S.W.2d 818, 821 (Tex. Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). In applying that test, the appellate court will consider only the evidence tending to support the finding, viewing it in the most favorable light in support of the finding, giving effect to all reasonable inferences that may properly be drawn therefrom and disregarding all conflicting evidence. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

■ Dunnam & Strong does not direct us to any evidence of an express or implied agreement by Austin to tender his own responsibility for that of Allied Production. The only evidence introduced in favor of the jury's finding concerned Dunnam & Strong's internal billing procedure. Dunnam & Strong produced evidence that the attorney in charge of performing the work for Allied Production informed the bookkeeping personnel that Austin was the financially responsible party. Using that information, the bookkeeper billed Austin for the worked performed for Allied Production. The fact that Austin was billed for the services does not constitute evidence of any express or implied agreement with Dunnam & Strong for legal services. We conclude there is a complete absence of a vital fact; that being an agreement or duty by Austin to pay for legal services rendered to Allied Production. Austin's first point of error is sustained. Our disposition of point of error one pretermits any discussion of Austin's remaining point of error.

The judgment of the trial court is reversed and judgment is rendered that Dunnam & Strong take nothing. All costs are assessed against Dunnam & Strong.