COMMONWEALTH *vs.* OSCAR F. SORVAL.

Worcester: January 10, 1930. — January 29, 1930.

Present: CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Burning Insured Property. Evidence*, Admissions, Presumptions and burden of proof, Inferences, Of alibi. *Practice, Criminal*, Requests, rulings and instructions, Exceptions.

In his charge to the jury at the trial of an indictment charging the defendant with the crime of burning certain insured chattels with intent to injure the insurer, where there was no contention that the fire was not of incendiary origin, and the defendant relied on evidence of an alibi, the judge stated that the fact that the defendant "was away on the evening of the commission of the crime, of course . . . isn't a direct admission that he committed this crime . . . but it is a circumstance which together with the other links of circumstances in this case may be considered by you as an inference as to whether or not he is telling you the truth." The defendant excepted to that part of the charge. Following a colloquy in the presence and hearing of the jury, the defendant's counsel stated as what he desired the judge to say, "An alibi, which means the proof that a person was away, is absolutely no admission of any kind as to the reas [*sic*] of the crime in question; it is not admission either direct or indirect; it is no admission"; the judge then stated, "I did not say direct or indirect admission," and gave to the jury the further instruction in precisely the language suggested by the defendant. The defendant then asked that the second instruction be substituted for that first quoted above. The request was refused and the defendant excepted. *Held*, that
(1) The statement of the judge in the presence of the jury, "I did not say direct or indirect admission," was equivalent to telling the jury that, if the defendant was in another place when the fire was set, it was neither a direct nor an indirect admission of guilt;
(2) The instruction as originally given was that the testimony of the defendant respecting the alibi might be considered as to whether or not he was telling the truth; and, there being nothing to show that the evidence offered to prove an alibi was not given the probative force

and effect to which it was entitled, no error was shown as to that original instruction;

(3) The second instruction was not inconsistent with the first, and no error was shown in the refusal to substitute it for the first.

INDICTMENT, found and returned on August 21, 1929, charging the defendant with the crime of burning certain chattels which were insured, with intent to injure the insurer.

The indictment was tried in the Superior Court before *Beaudreau*, J., who ordered that the trial be governed by the provisions of §§ 33A-33G, added to G. L. c. 278 by St. 1925, c. 279, as amended by St. 1926, c. 329. Material evidence and exceptions saved by the defendant are stated in the opinion.

The defendant was found guilty, appealed and assigned the errors described in the opinion.

The case was submitted on briefs.

*M. M. Taylor*, for the defendant.

*C. B. Rugg*, District Attorney, *E. G. Norman & O. A. Hoban*, Assistant District Attorneys, for the Commonwealth.

CROSBY, J. This is an appeal on an assignment of errors under St. 1925, c. 279, as amended by St. 1926, c. 329, from a conviction of the defendant on an indictment charging him with the crime of burning certain chattels which were insured, with intent to injure the insurer. No contention was made that the fire was not of incendiary origin. The defendant offered evidence which tended to prove an alibi.

The assignment of errors sets forth two exceptions saved by the defendant. The first was to that part of the charge of the trial judge which reads as follows: "Now, the fact that he was away on the evening of the commission of the crime, of course . . . , isn't a direct admission that he committed this crime. I mean by that, it is not an admission, it is not equal to an admission the defendant would make to a police officer when he was confronted by him and saying, 'Here, you have done this thing', and say, 'Yes, I know I did it'. There you have the direct admission that a man had committed a crime, but it is a circumstance which together with the other links of circumstances in this case may be considered by you as an inference as to whether

or not he is telling you the truth." After the judge had concluded his charge, counsel for the defendant excepted to the part above referred to, and a discussion between the judge and counsel took place, all of which was in the presence and hearing of the jury. In the course of the discussion the judge asked counsel for the defendant what he desired said about the evidence offered respecting the defence of alibi, to which counsel replied as follows: "An alibi, which means the proof that a person was away, is absolutely no admission of any kind as to the reas [*sic*] of the crime in question; it is not admission either direct or indirect; it is no admission," upon which the judge said, "I did not say direct or indirect admission." He then gave the instruction in the precise language of counsel for the defendant by having the stenographer read it to the jury. This instruction was given in addition to that previously referred to. Counsel for the defendant requested that it be given in substitution for the first instruction; this request was refused and the defendant excepted.

The statement of the judge in the presence of the jury, "I did not say direct or indirect admission," was equivalent to telling the jury that, if the defendant was in another place when the fire was set, it was neither a direct nor indirect admission of guilt. This was correct. The instruction as originally given was that the testimony of the defendant respecting the alibi might be considered as to whether or not he was telling the truth. If the testimony of the defendant, respecting his whereabouts at the time the fire was set were believed to be so improbable as to be unworthy of belief, the jury could reject it. In such circumstances it might be found to affect his credibility. We are of opinion that there was no error in the instruction given. There is nothing to show that the evidence offered to prove an alibi was not given the probative force and effect to which it was entitled. *Commonwealth* v. *Choate*, 105 Mass. 451.

We are of opinion that the second exception is without merit. Although the judge refused to give his final instruction in substitution for that originally given, there was no

error. The instruction requested by the defendant was a final statement of the law and undoubtedly was so considered by the jury. It was to the effect that the absence of the defendant from the scene of the crime at the time it was committed was neither direct nor indirect evidence of guilt. This was not inconsistent with the first instruction, and the rights of the defendant were fully protected. It is to be assumed that the jury understood and acted in accordance with the instructions given.

The defendant contends that the argument of the district attorney was improper, and while he objected to it he saved no exception. As no reversible error appears, the entry must be

*Judgment affirmed.*