COMMONWEALTH vs. ANTHONY D'AGOSTINO
(and two companion cases between the same parties).

Suffolk.   April 2, 1962. — May 7, 1962.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Witness,* Cross-examination. *Evidence,* Relevancy and materiality, Judicial discretion, Photograph, Hypothetical question, Hearsay. *Error,* Whether error harmful. *Practice, Criminal,* Exceptions: whether error harmful; New trial.

There was no abuse of discretion at a criminal trial in a refusal of the judge to permit further cross-examination of a witness for the Commonwealth after he had been cross-examined and recross-examined at considerable length by the defendant and had answered several questions by the judge.   [278]

At the trial of an indictment for an assault committed with a "dangerous weapon, to wit: a sharp instrument," there was no error in the admission of evidence that a knife was used in the commission of the assault. [279]

There was no abuse of discretion at the trial of an indictment for an assault committed with a "dangerous weapon, to wit: a sharp instrument," in the admission in evidence of photographs of the lacerations suffered by the victim taken seven days after the assault, of testimony by a doctor that the lacerations would cause permanent scars, and of testimony concerning the presence of blood on the clothing and person of the victim.   [279]

No error was shown at a criminal trial in the exclusion, on cross-examination by the defendant of a medical witness, of a question calling for an opinion based on certain hypothetical facts.   [279–280]

It was within the discretion of the judge at the trial of an indictment for an assault in a café to exclude a question to a witness as to whether he knew the owner of the café, asked by the defendant on cross-examination to show bias.   [280]

At the trial of an indictment for an assault in a café, a question to a witness for the defendant as to whether at some time after the assault she learned that a certain person had left the café before the assault was not objectionable as calling for hearsay testimony.   [280]

Even if testimony by a witness for the Commonwealth at a criminal trial as to a telephone conversation she had had was hearsay erroneously admitted, no harm was shown where the other party to the conversation had previously testified to it in substance.   [280]

The record of a conviction upon an indictment disclosed no error in the denial of a motion for a new trial based on a contention that the errors

assigned "were so many in number that the cumulative effect was to establish a trial climate which influenced the jury and deprived the defendant of his rights."   [280–281]

INDICTMENTS found and returned on March 7, 1961.

The cases were tried in the Superior Court before *Good,* J.

*Walter Powers, Jr.,* for the defendant.

*Lawrence L. Cameron,* Assistant District Attorney, (*Newman A. Flanagan* with him,) for the Commonwealth.

SPIEGEL, J.   The defendant was tried on three indictments of the Suffolk County grand jury.   Indictment numbered 228 charged the defendant with assault and battery "by means of a certain dangerous weapon, to wit: a sharp instrument, a more particular description of which is . . . unknown," upon the person of Leonard Pasco.   Indictment numbered 229 charged that the defendant "did commit an assault and battery upon one Adam DiPasquale, by means of a certain dangerous weapon, to wit: a sharp instrument, a more particular description of which is . . . unknown." Indictment numbered 230 charged that the defendant "did wilfully and maliciously injure and destroy certain personal property to wit: a coat of the value of seventy-five dollars, of the property of Adam DiPasquale."

The jury returned verdicts of guilty on each indictment. The defendant was sentenced to a term of four to seven years on indictment numbered 228 and a similar term on indictment numbered 229, the sentences to be served concurrently, and indictment numbered 230 was placed on file.

The defendant appealed and filed forty-five assignments of error.   Thirty-one of these have not been argued by the defendant.   Assignments of error not argued are deemed waived.   *Commonwealth* v. *Taylor,* 327 Mass. 641, 646.   The defendant has grouped many of the remaining assignments of error under "topical headings" and has so argued them.

There was testimony that Pasco and a friend, Richard DeAngelis, went to the Reef Club, a café in Revere, at about 10:30 P.M. on February 3, 1961, and remained there until closing time at 1 A.M. the following morning.   On their way out, as they were talking to one another, a girl, one

Brenda Riccioli, who was sitting at the bar with the defendant, jumped up and said, ''Hey, watch your language.'' DeAngelis apologized and his friend and he continued walking toward the door. They went to the door and Pasco then returned to where the defendant and the girl were sitting, and, he too, apologized. The defendant then ''turned around, pulled across with his hand and slashed . . . [Pasco's] face.''

Adam DiPasquale, a Revere police officer, on special detail at the Reef Club, observed the defendant ''take a slashing swing at Pasco's face.'' DiPasquale ran to Pasco and pulled him away from the defendant. The defendant came at Pasco again and made ''swiping motions'' at his face. DiPasquale felt a sharp sensation in his left hand. DiPasquale led Pasco to the men's room and applied first aid. He saw five lacerations on Pasco's face and slashes in the left sleeve of his police coat.

Pasco and DiPasquale were treated at Revere Memorial Hospital by a Dr. Julian Seide who applied ninety to one hundred sutures to Pasco's face and about nine sutures to DiPasquale's left hand.

Assignment 14. Richard DeAngelis, called as a witness by the Commonwealth, was examined on direct, redirect, cross and recross-examination. At the conclusion of recross-examination by the defendant's counsel, the judge asked the witness several questions. After the witness had answered the judge's questions, the defendant's counsel sought to recross-examine the witness. The judge refused to permit any further cross-examination and the defendant assigns this refusal as error.

The record shows that the witness had been cross-examined and recross-examined at considerable length. The answers given by the witness in response to the judge's questions were not inconsistent with prior testimony given by the witness. The extent and length of cross-examination are within the discretion of the trial judge. *Smith* v. *Boston Elev. Ry.* 208 Mass. 186, 187. *Goldman* v. *Ashkins,* 266 Mass. 374, 379–380. There was no error.

Assignments 3, 5, 33.   The defendant objected to the admission of certain evidence because it tended to show that a knife was used in the commission of the assault, whereas the indictments did not specify the type of weapon used. The indictments charged, however, that the assaults were committed with a "dangerous weapon, to wit: a sharp instrument," and the evidence objected to was admissible to prove that the assaults were so committed.   "[W]ith a few exceptions, all evidence which 'can throw light on the disputed transaction is admitted.' "   *Commonwealth* v. *Durkin,* 257 Mass. 426, 428.   *Kramer* v. *John Hancock Mut. Life Ins. Co.* 336 Mass. 465, 467.

Furthermore, there was other evidence, admitted without objection, that the lacerations were caused by a "short sharp instrument"; that the injuries were caused by a knife; and that the cuts in DiPasquale's coat were caused by a "sharp-bladed instrument."

Assignments 6, 12, 27.   These relate to the admission of evidence which the defendant contends was "immaterial and could only have the effect of prejudicing the defendant, by reëmphasizing the injuries to the victims."   The evidence objected to includes photographs of the lacerations taken seven days after the injury; testimony by a doctor that the lacerations would cause permanent scars; and testimony concerning the presence of blood on the clothing and person of Pasco.   This was relevant to show that the injuries were inflicted by means of a dangerous weapon, namely a sharp instrument, as charged in indictments numbered 228 and numbered 229.   Whether such evidence was so inflammatory in nature as to outweigh its probative value and preclude its admission is a question to be determined by the trial judge in the exercise of his sound discretion. See *Horowitz* v. *Bokron,* 337 Mass. 739, 742.   We perceive no abuse of discretion.

Assignment 7.   This is an exception to the exclusion of a question asked during the cross-examination of Dr. Seide who treated Pasco at the hospital.   The question as propounded called for an expression of the witness's opinion

based on certain hypothetical facts. The scope and fullness of hypothetical questions must be left to discretion of the trial judge. *Commonwealth* v. *Cheng,* 310 Mass. 293, 297-298. *Commonwealth* v. *Noxon,* 319 Mass. 495, 538. No error has been shown.

Assignment 17. On cross-examination of the witness DiPasquale, the following question propounded by the defendant's counsel was excluded: "You know the owner of the Reef . . . ." The defendant offered to prove that the evidence would demonstrate bias on the part of the witness. This offer of proof merely stated a conclusion and did not refer to any specific facts which would indicate any bias. The fact that DiPasquale knew the owner of the Reef, standing by itself, would appear to be unrelated to the question of DiPasquale's bias or prejudice against the defendant. "Much is to be left to the discretion of the judge in testing bias." *Commonwealth* v. *Harrison,* 342 Mass. 279, 286, and cases cited. There was no error.

Assignment 32. This is an exception to allowing a defence witness to answer the following question: "At some time later you learned that Leonora had left before this incident broke out? Answer that Yes or No." The defendant contends that the allowance of this question was a violation of the hearsay rule. We do not agree. The question called for an answer within the knowledge of the witness. In addition, we do not think that the answer to this question had any particular probative value. In any event, we are unable to determine any prejudicial effect this question and the answer thereto had on the defendant.

Assignment 36. This is an exception to allowing testimony by a prosecution witness, Leonora Amico, as to a telephone conversation had with Brenda Riccioli. Riccioli had previously testified to substantially the same conversation. Therefore, even if it violated the hearsay rule as the defendant contends, we do not believe the defendant was harmed by the admission of this testimony. *Murray* v. *Foster,* 343 Mass. 655, 658.

Assignments 43, 44, and 45. These relate to the denial

of the defendant's motions for a new trial. The defendant contends that the errors assigned ''were so many in number that the cumulative effect was to establish a trial climate which influenced the jury and deprived the defendant of his rights.'' There is no sound basis for this contention.

We have considered each assignment of error which the defendant has argued in his brief and have found no error of law.

*Judgments affirmed.*