COMMONWEALTH *vs.* WALTER G. GRIFFIN.

Norfolk.    December 3, 1962. — January 4, 1963.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Evidence,* Admissions and confessions, Preliminary question, Relevancy and materiality. *Practice, Criminal,* Preliminary hearing, Trial without jury.

Failure to rule in a criminal case that an alleged confession signed by the defendant was involuntary disclosed no error where the confession, although marked for identification, was not offered in evidence and was withdrawn by the Commonwealth and it was stipulated that the defendant was not prejudiced by the withdrawal. [285]

Error in the admission of evidence of an oral confession by the defendant at the trial of a criminal case jury waived was not shown where it appeared that, contrary to the defendant's contention that he was not afforded a preliminary hearing on the question whether the confession was voluntary, the judge did conduct such a preliminary hearing and thereafter ruled that the "confession was voluntary and admissible," and that there was evidence supporting that determination. [285–286]

Questions asked at a criminal trial as to what a police officer "would . . . have done" in certain supposed circumstances were irrelevant and properly excluded. [286]

Commonwealth *v.* Griffin.

INDICTMENT found and returned on September 29, 1961.

The case was heard in the Superior Court by *DeSaulnier,* J., without jury.

*George F. Hurley* for the defendant.

*J. Blake Thaxter, Jr.,* Assistant District Attorney, for the Commonwealth.

SPIEGEL, J. This is an appeal from a conviction of assault with intent to rape. The trial was held before a judge of the Superior Court, the defendant having waived his right to trial by jury, and was subject to the provisions of G. L. c. 278, §§ 33A–33G. Although there are fourteen assignments of error, only six of them have been argued. The remaining eight assignments of error are deemed waived. *Commonwealth* v. *D'Agostino,* 344 Mass. 276, 277.

There was evidence that on September 24, 1961, the complaining witness, a seventeen year old girl, was "baby sitting" at a home in Quincy, Massachusetts. She heard the doorbell ring a little after midnight. She "answered the door" and saw the defendant, a nineteen year old youth, whom she had known for some time and who had visited her at this house on two previous occasions. "He tried to push his way in." She refused to allow him to come in, stating, "The people will be home pretty soon." The defendant then left but returned about fifteen minutes later accompanied by another young man, one Lyon. Both of them had been drinking. When the girl opened the door, in response to the ringing of the doorbell, they "shoved in" and "grabbed hold of" her. She "struggled" but was carried into the living room, thrown upon a couch, and disrobed by the two men.

The defendant undressed from the waist down and, as the girl was struggling in her attempt to prevent the defendant from perpetrating a rape, the defendant called upon his companion to hold her. While Lyon held the girl she continued to struggle. She screamed once, whereupon Lyon put his hand over her mouth. They heard "a car pulling up" and Lyon "ran to see who it was." The car "stopped in front of the house," whereupon both men "ran out the back door."

At approximately 1:30 A.M. that same morning, a sergeant from the Quincy police department called at the defendant's home. After brief questioning the defendant, accompanied by his father, was taken to the police station where he was identified by the complaining witness. Shortly before 6 A.M. that morning the defendant signed a statement allegedly confessing to his part in the attack. The defendant had been told by the sergeant that "it would be better for him to sign a statement." There was conflicting testimony as to whether physical force was used on the defendant in order to obtain the signed statement from him. He testified that he was "grabbed" by the sergeant, "slapped . . . a couple of times," and thrown in a chair. The defendant claimed that he was "scared" at the time he signed the statement. The police officers testified that no hand was placed on the defendant and no threats were made to him.

A detective from the Quincy police department testified that at about one thirty in the afternoon of September 24, 1961, he met with the defendant and, in the presence of the complainant, repeated, in detail, the charges made by her and that the defendant admitted them to be true except for one minor detail. As to this confrontation, the defendant testified that he was "still scared."

Assignments 2, 4, and 10 relate to the refusal of the judge to rule that the alleged confessions made by the defendant were involuntary.

The written confession was merely marked for identification, was not offered in evidence and the judge did not rule on its admissibility. Furthermore, a stipulation was filed, signed by the defendant and by his counsel as well as by the defendant's companion, Lyon, and his counsel, stating in part that the parties "are not prejudiced in any way by the withdrawal by the Commonwealth of the alleged confessions signed by the defendants." There was no error.

Assignment 11 relates to the admission in evidence of the alleged oral confession made to the detective on the afternoon of September 24, 1961. The defendant contends that

he was denied the opportunity to conduct a voir dire hearing to determine whether the statements were made voluntarily. It has been the "humane practice" in this Commonwealth to hear evidence twice on the voluntary nature of an alleged confession, "first before the presiding judge who may decide to exclude the statements; and then before the jury who may disregard them." *Commonwealth* v. *Marshall,* 338 Mass. 460, 462. In a jury waived case such duplication in the presentation of evidence is, of course, unnecessary. The trial judge need make but a single determination. The transcript before us shows that the judge conducted a preliminary hearing to determine whether the oral statements were the voluntary acts of the defendant. Defence counsel made full use of this opportunity and concluded his redirect examination of the defendant with the remark, "That is the evidence on the voir dire." Only then did the judge rule that "the confession was voluntary and admissible." Whether the defendant's confession was voluntary is a question of fact. *Commonwealth* v. *Preece,* 140 Mass. 276, 277. *Commonwealth* v. *Valcourt,* 333 Mass. 706, 710. There was sufficient evidence that the statements were voluntary.

We have considered assignments 6 and 7, the only other assignments argued by the defendant. These dealt with the trial judge's exclusion of questions based upon suppositions as to what the police officer "would . . . have done" in certain circumstances. These questions were irrelevant and were properly excluded.

*Judgment affirmed.*