JOHN GRANDIN et al., Appellants, v. TONY GUINTA et al., Respondents.— Order unanimously affirmed, with costs. Memorandum: In affirming the order of Special Term dismissing the complaint herein, we concur with the court's finding that the newspaper articles in question were nonlibelous as to the plaintiffs as a matter of law. However, we would express our disapproval of the Special Term Justice's selection of "several average citizens" to whom he handed the articles for an opinion as to "what, if any, conclusions they draw from the articles" to assist the court in determining whether the articles "would lead any reasonable, average citizen, by innuendo or otherwise, to reach the conclusion that the paper is attempting to charge or intimate that the fire was set by or caused to be set by, the plaintiffs". The determination required of the court was a matter for judicial consideration and decision and could not be made on the basis of the opinions of a selected group of persons in the community. (Appeal from an order of Chautauqua Special Term, granting defendants' motion to dismiss complaint on the merits.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD WILLIAMS, Appellant.— Case held, matter remitted to the Trial Judge for proceedings in accordance with the Memorandum. Memorandum: This case was tried before a Judge, without a jury, and the defendant was convicted of being a youthful offender. During the trial two statements were introduced in evidence, the first an oral statement, the second a statement in writing. Both were received and the Trial Judge made some attempt at findings in accordance with *People* v. *Huntley* (15 N Y 2d 72). However, they were deficient, particularly in that he did not find proof of voluntariness beyond a reasonable doubt. Furthermore, there was confusion as to which statement the so-called findings were applicable. They appear in the record after there was testimony concerning the oral statement, but before the written statement was before the court. It had neither been marked for identification nor offered in evidence at that time, so that regardless of the intention of the Trial Judge these findings could not have applied to the written statement. *People* v. *Huntley* does not give us precise guidelines, inasmuch as the present case was not tried before a jury. However, findings should have been made as to each statement. A Judge who tries a case without a jury need make but a single determination as to each statement, and duplication in the presentation of evidence is unnecessary. (*Commonwealth* v. *Griffin*, 345 Mass. 283.) Therefore, in the present case, findings as to whether the statements were voluntary or not should be made, and, if found to be voluntary, whether the proof established voluntariness beyond a reasonable doubt, and we remit the matter for this purpose only. The determination may be made on the present record without additional testimony unless either party requests an opportunity to present such further testimony. (Appeal from judgment of Erie County Court adjudging defendant to be a youthful offender.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.