ISAAC COHEN *vs.* MARITIME TRANSPORTATION CO. INC. & another (and eight companion cases). January 2, 1968. These are nine actions of tort which are here on a consolidated bill of exceptions of Isaac Cohen. In eight of the cases he is the defendant.[1] In the remaining case he is the plaintiff and the Marine Transportation Co., Inc., and one George Palmer are the defendants. The actions were heard by a judge of the Superior Court, without a jury. He found for the plaintiffs on various counts and assessed damages in varying amounts in each of the cases in which Cohen was the defendant. In the case in which Cohen was the plaintiff the judge found for the defendants. We make no attempt to summarize the evidence, which would merely result in an unnecessarily lengthy opinion. The cases arose out of a fire which occurred after a delivery of fuel oil to a building in Gloucester owned by Cohen. It is apparent that the cause of the fire was an overflow of oil which ignited in the boiler room. Cohen contends that the chief of the Gloucester fire department was "unqualified to give his opinion concerning the source of the overflow," that "his testimony on this point was unresponsive and conjectural," and that his "expert qualifications were insufficient to permit his testimony that excess oil would back up the fill pipe." Cohen also contends that the testimony of another witness concerning the ignition of the oil was inadmissible because the hypothetical question "assumed the existence of crucial facts not in evidence." The record reveals facts which show that the judge was warranted in concluding that the chief was qualified to express an opinion. We believe that his "opinion testimony" was not conjectural. We discern

---

[1] Hale Distributing Co. Inc., Richard L. Hull, Gardner L. McDonald & another, Raymond Rogers & others, Gorin's, Inc., David Kay Shoe Co. of Mass. Inc. & another, Melvin I. Bernstein & others, William G. Brown Co. & others, are the plaintiffs.

no error in the judge allowing the hypothetical questions to be answered. "The scope and fullness of hypothetical questions must be left to [the]°discretion of the trial judge." *Commonwealth* v. *D'Agostino*, 344 Mass. 276, 280. See also *O'Brien* v. *Wellesley College*, 346 Mass. 162, 173.

*Exceptions overruled.*

*Thomas D. Dolan* for Maritime Transportation Co., Inc., & another.
*John J. Jennings* for Gardner L. McDonald & others.
*Howard W. Cole* for Gorin's, Inc. & others.
*Lawrence R. Cohen & Newton H. Levee*, for Isaac Cohen, submitted a brief.
*Charles L. Ayers*, for Richard L. Hull & another, joined in a brief.