COMMONWEALTH *vs.* CHARLES A. JONES. March 29, 1968. These indictments allege (a) offences on June 5, 1965, by Jones against, or in the presence of, one girl (A), and (b) offences on various dates in 1965 against another girl (B). Each girl was alleged and shown to be under the age of fourteen. A jury found him guilty on all indictments. The cases have been appealed under G. L. c. 278, §§ 33A–33G, as amended. The assignments of error argued all relate to the admission or exclusion of evidence. There is no occasion to review the sordid unpleasant testimony. The judge has not been shown to have prejudiced Jones or unreasonably to have limited the somewhat diffuse cross-examination (see *Commonwealth* v. *Greenberg*, 339 Mass. 557, 580–581) of certain witnesses with respect to (a) a visit by A to a hospital for mental tests, which (if in fact given and relevant) should have been established more directly; (b) matters of slight relevance (see *Commonwealth* v. *Farrell*, 322 Mass. 606, 621) about Jones's state of intoxication on June 5, 1965 (see *Commonwealth* v. *D'Agostino*, 344 Mass. 276, 278); (c) a statement by Jones, susceptible of interpretation as an admission (where the judge gave immediate opportunity to the witness to relate the complete alleged statement); or (d) the asserted absence of evidence of fresh complaint by A (see *Commonwealth* v. *Spare*, 353 Mass. 263, 264–266) where the judge at once suggested an appropriate method of affording the witness full opportunity to testify on this subject more generally. A question concerning A's knowledge of conduct by Jones and B was admissible in redirect examination as bearing upon her own knowledge of and in explanation of, a matter brought out on cross-examination. See the *D'Agostino* case, 344 Mass. 276, 280. Other exceptions to limiting inquiry concerning ambiguous alleged comments by A's grandmother and to the exclusion of cumulative testimony, argumentative or conclusionary questions, and questions bearing upon the credibility or capacity of witnesses, relate to matters on which the trial judge ruled in a manner within the range of his discretion.

*Judgments affirmed.*

*Kevin M. Keating* for the defendant.
*Anthony N. Compagnone*, Assistant District Attorney, for the Commonwealth.