GEORGE STEVENSON *vs.* THE HERTZ CORPORATION (and two companion cases [1]). October 29, 1969. These are three actions of tort involving personal injuries and property damage alleged to have resulted from the defendant renting an automobile in a defective condition to one of the plaintiffs. The plaintiff Ingalls hired an automobile from the defendant which collided with a car driven by the plaintiff Socorelis in which the plaintiff Stevenson was a passenger. The cases were tried together and they are before us on the de-

---

[1] One of the companion cases is by Donald J. Socorelis and the other is by Edward W. Ingalls, both against the same defendant.

fendant's exceptions to the admission of an estimate and a repair bill, to the testimony of an expert, and to the denial of the defendant's motions for directed verdicts. We are satisfied that the estimate and the repair bill were business records kept by the defendant in the regular course of its business within the meaning of G. L. c. 233, § 78, and consequently were properly admitted in evidence. We discern no abuse of the judge's discretion in the admission of the expert's opinion. *Commonwealth* v. *D'Agostino*, 344 Mass. 276, 280. *Cohen* v. *Maritime Transp. Co. Inc.* 353 Mass. 760, 761. We believe that the jury were warranted in finding that the defendant was negligent in renting the automobile in a defective condition and that such condition was the cause of the accident. There was no error in the judge's refusal to direct verdicts for the defendant.

*Exceptions overruled.*

*Harry N. Steinberg & Chester C. Paris,* for the defendant, submitted a brief.
*Edward O. Proctor, Jr.,* for the plaintiffs Stevenson & another.
*Americo L. Ferullo* for the plaintiff Ingalls.