COMMONWEALTH *vs.* LAWRENCE BERGER. January 4, 1980. The defendant was convicted of voluntary manslaughter upon an indictment charging murder and has appealed. He argues five issues which we consider seriatim. 1. The judge's instructions on intent provided an ample basis for the jury to return a verdict of not guilty if they should believe the defendant's testimony that "everything just went blank" before the stabbing. The judge instructed the jury fully on the Commonwealth's burden of proof with regard to intent and the claim of self defense. Compare *Commonwealth* v. *Stokes*, 374 Mass. 583, 592 (1978). 2. It was not error to exclude testimony by a witness who had worked with the victim as a meat cutter at a supermarket that a knife similar to the murder weapon might have been missing from the supermarket or to exclude the witness's own knife, which was offered for the jury to compare with the murder weapon. It was within the judge's discretion to determine the relevance of the victim's access approximately one year before the stabbing to a knife similar to the murder weapon, and the gap in time was a factor to be considered in viewing the probative value of the testimony. See and contrast *Commonwealth* v. *Watkins*, 375 Mass. 472, 491 (1978); *Commonwealth* v. *Russell*, 2 Mass. App. Ct. 293, 295 (1974) (cases dealing with defendant's access to weapon). The refusal to admit a knife similar to the murder weapon was also within the judge's discretion. See *Commonwealth* v. *Ellis*, 373 Mass. 1, 7 (1977). The foregoing issues are raised against a backdrop of undisputed evidence that knives of the same brand and type were used by the victim in his work at the supermarket; that knives were missing while the victim worked there; and, more significantly, testimony that the victim owned the murder weapon and that it was kept in his pantry. 3. There is no merit to the defendant's contention that the jury were precluded from making a fair and calm evaluation of the evidence because of supposedly prejudicial remarks by the prosecutor and the judge made during the trial. Having examined the instances complained of by the defendant and the conduct of the trial as a whole, we find that many of the remarks were appropriate and that, if any were

not, the harm asserted was speculative. Compare *Commonwealth* v. *McLaughlin*, 352 Mass. 218, 226-229, cert. denied, 389 U.S. 916 (1967); *Commonwealth* v. *Haley*, 363 Mass. 513, 520-522 (1973). Moreover, the judge's instruction to the jury made clear that they should not consider extraneous matters in reaching their verdict. *Commonwealth* v. *McLaughlin*, *supra* at 229. *Commonwealth* v. *Balakin*, 356 Mass. 547, 551 (1969). *Commonwealth* v. *Haley*, *supra* at 522. 4. So far as can be determined from the offers of proof, the conversations offered through the testimony of the defendant for the purpose of showing the victim's sister's state of mind were not material to any issue at the trial and were properly excluded. Nor did the offered testimony tend to contradict the testimony elicited by the prosecutor from the sister concerning what she had told her brother before he confronted the defendant; nor did that testimony "open up" the issue of her state of mind. 5. After a voir dire the judge found that the defendant knowingly and willingly waived his Miranda rights before being questioned by the police in his hospital room. While the judge's finding of waiver is entitled to substantial deference, we have read the transcript of the voir dire and are able to make an independent determination that despite the defendant's physical condition, the waiver was valid. See *Commonwealth* v. *Jackson*, 377 Mass. 319, 325 (1979). Moreover, even without any such waiver, the defendant's statement was admissible to impeach his earlier testimony at the trial, *Commonwealth* v. *Harris*, 364 Mass. 236, 238-241 (1973). The defendant now seeks to raise for the first time an issue as to the voluntariness of his statement. We would disregard his failure to raise the issue below to prevent a "substantial risk of a miscarriage of justice," *Commonwealth* v. *Harris*, 371 Mass. 462, 471 (1976), but there is no such risk here. The statement was only used to impeach one minor detail of the story the defendant told at the trial.

*Judgment affirmed.*

*Arthur D. Serota* for the defendant.
*William T. Walsh, Jr.*, Assistant District Attorney, for the Commonwealth.